**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LADISLAO BERNABE DE LEON-LOPEZ, AKA Ladislao Bernabe Deleon, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-72004 <br><br> Agency No. A078-462-810 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2021[**]
San Francisco, California

Before: WARDLAW and GOULD, Circuit Judges, and PREGERSON,[***] District
Judge.

Ladislao Bernabe De Leon-Lopez, a native and citizen of Guatemala, seeks

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

review of a Board of Immigration Appeals ("BIA") decision denying relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a), and remand to the BIA for proper consideration of all evidence in the record.

"In determining whether an individual will more likely than not be tortured, 'all evidence relevant to the possibility of future torture shall be considered.'" *Cole v. Holder*, 659 F.3d 762, 770 (9th Cir. 2011) (quoting 8 C.F.R. § 1208.16(c)(3)). In some cases, where there is nothing in the record to suggest otherwise, a generalized statement that the BIA considered all evidence may be sufficient. *Id.* at 771. "But, where there is any indication that the BIA did not consider all of the evidence before it, a catchall phrase does not suffice, and the decision cannot stand. Such indications include misstating the record and failing to mention highly probative or potentially dispositive evidence." *Id.* at 771-72.

Here, as the government conceded, the BIA misstated the record when it based its CAT determination on the "lack of police follow–up with [Petitioner] regarding the alleged 2016 assault." Petitioner's argument relied on the lack of police follow-up with an eyewitness to the assault, not with Petitioner himself. The BIA, however, made no mention of the eyewitness' declaration that police never interviewed him. Nor did the BIA mention other evidence pertinent to officials' acquiescence or willful blindness, including officials' failure to act on

2

Petitioner's specific identifications of suspects, Petitioner's relatives' warnings that it was not safe to go to the police, and expert opinion and testimony regarding the corruption of police officers at the neighborhood level.

The BIA also misstated the record insofar as it based its conclusion on Petitioner's "reliance on general country conditions." Only one of the four pages of Petitioner's brief cited by the BIA included references to country condition reports, and then only as parenthetical "see also" citations in support of statements made by Petitioner's expert. The BIA made no mention of the expert's declaration or testimony as to both country conditions in Guatemala and Petitioner's specific likelihood of being tortured.

In light of these errors and omissions, the BIA's generic statement that its conclusion was "[b]ased on the evidence of record" does not demonstrate that the BIA considered all evidence relevant to the possibility of future torture. Accordingly, we remand to the BIA for further proceedings consistent with this disposition.

**PETITION FOR REVIEW GRANTED AND REMANDED.**

3